**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HARVARD DRUG GROUP, LLC,

        Plaintiff                                   Case No. 08-13617

vs.                                          DISTRICT JUDGE VICTORIA A. ROBERTS
                                                 MAGISTRATE JUDGE STEVEN D. PEPE

STEPHEN D. LINEHAN,

        Defendant
_____/

**ORDER ON DEFENDANT'S MOTION FOR ADDITIONAL DISCOVERY (DKT. # 11)**

**I.    INTRODUCTION**

Plaintiff Harvard Drug Group, LLC ("Harvard") is a wholesale drug distributor that obtained a personal guaranty from Defendant, Stephen D. Lineham, in order to continue supplying certain medicines to Lineham's companies, which sold prescription drugs to chronically ill medicare patients. Harvard filed this action on August 20, 2008, against Lineham on the personal guaranty after Lineham's companies failed to pay for drugs they purchased from Harvard. On December 23, 2008, Harvard filed a motion for summary judgment. (Dkt. #9) Lineham's response (Dkt. # 11) seeks additional time to conduct discovery pursuant to Fed. R. Civ. P. 56(f). All pre-trial matters have been referred in accordance with the authority conferred under 28 U.S.C. § 636(b). (Dkt. #8) For the reasons stated below, Lineham's motion for additional discovery is **GRANTED**.

1

## II.   BACKGROUND FACTS

### A.   The Parties' Dispute

Harvard is a wholesale distributor of prescription and over-the-counter drugs and related products. (Complaint (Dkt. #1) ¶ 2) Soporex, Inc. and its subsidiary, Soporex Respiratory, Inc. d/b/a Independent Home Pharmacy (collectively "Soporex"), were pharmaceutical and medical supply companies providing nebulizer medications primarily to chronically ill, elderly Medicare beneficiaries. (Lineham Affidavit (Dkt. #11, Exhibit 1) ¶ 5) In Spring 2008, Harvard accounted for approximately 80% of Soporex's supply of nebulizer medications. (Linehan Aff, ¶ 6)

On approximately May 16, 2008, Harvard advised Soporex that it would no longer supply any medications to Soporex due to an outstanding balance of approximately $1.9 million. (Linehan Aff. ¶ 7) After discussion between counsel for both Harvard and Soporex, Soporex agreed to execute and deliver a letter (the "Acknowledgment Letter") to Harvard acknowledging the debt and establishing a payment schedule for the outstanding amounts (the "Old Invoices") and an Exclusive Purchase Agreement requiring Soporex to purchase all of its nebulizer medications from Harvard. (Linehan Aff. ¶ 16) Harvard also demanded and Lineham executed a Guaranty agreeing to pay amounts owed Harvard under subsequent invoices (the "New Invoices") up to $2 million. (Linehan Aff. ¶¶ 22, 24-25)

After execution of the First Amendment, Soporex failed to make a $75,000.00 payment due on August 18, 2008 as required under the Acknowledgment Letter. Accordingly, on August 19, 2008, Harvard sent a letter to Soporex demanding full payment of $1,093,152.94 owing on the Old Invoices, and $1,401,813.06 plus interest owing on the New Invoices. (Brown Affidavit (Dkt. # 9 Ex. 4) ¶ 3) Also, on August 19 and August 20, 2008, Harvard sent demand letters to Linehan demanding payment under the Guaranty of the $1,401,813.06 plus interest owing on the New Invoices. (Brown

Aff. ¶¶ 4-5) Neither Soporex nor Lineham has paid any portion of the $1,401,813.06 Soporex owes on the New Invoices. (Brown Aff. ¶ 6; Heidel Affidavit (Dkt. # 9 Ex. 3 ¶ 7)

On July 18, 2008, Linehan was severely injured in an automobile accident in which his wife was killed leaving him disabled and the single father of a seven year old son. (Linehan Aff. ¶ 27) Linehan was hospitalized until August 17, 2008. (Linehan Aff. ¶ 28) Since the accident, Linehan has neither been inside Soporex's Dallas, Texas office, nor had access to his company e-mail. (Linehan Aff. ¶ 29) On August 22, 2008, Soporex filed for liquidation under Chapter 7 of the United States Bankruptcy Code in the United States District Bankruptcy Court for the Northern District of Texas. (David Elmquist Affidavit (Dkt. # 11, Ex. 2), ¶¶ 2-3)

### B. Procedural History

Plaintiff filed its Complaint against Linehan to recover under the Guaranty on August 20, 2008. (Dkt. #1) Linehan filed his Answer and Affirmative Defenses on October 15, 2008. (Dkt. #5) The affirmative defenses Lineham raised included duress, estoppel, material misrepresentation and fraud in the inducement. (Id.) The parties submitted their Rule 26(f) Plan and Status Report to the district court on November 25, 2008, and electronically filed it on December 10, 2008. (Dkt. #7) That plan contemplates a discovery cutoff of May 29, 2009, a deadline of June 30, 2009 for filing dispositive motions. On December 11, 2008, the district court referred all pretrial matters to the undersigned. (Dkt. #8) On January 14, Defendant served requests for production of on Plaintiff.

Other than the few documents attached to Plaintiff's pleadings, Defendant Linehan has no non-privileged documents in his possession and control relating to the negotiations with Soporex, the preparation of the Exclusive Purchase Agreement and the Guaranty, orders for medication and associated supplies supplied by Plaintiff to Soporex, or documents to confirm whether or not payments were made to Plaintiff for those medications and supplies. (Heiser Affidavit (Dkt. # 11

Exhibit 3) ¶ 3) These materials are under the control of Soporex's Bankruptcy Trustee and the Plaintiff. Although Lineham has sought to obtain these documents from the Trustee through counsel, the documents have not been provided due to difficulties with obtaining these documents from Soporex's computer system. (Elmquist Aff. ¶4, 5)

### III.   ANALYSIS

#### A.   Standards Of Review

Summary judgment is improper if the non-movant has not been afforded a sufficient opportunity for discovery. *White's Landing Fisheries, Inc. v. Buchholzer,* 29 F.3d 229, 231-32 (6th Cir. 1994), *accord Plott v. General Motors Corp.*, 71 F.3d 1190, 1195 (6th Cir. 1995) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n. 5 (1986)). The non-movant bears the obligation to inform the district court of his need for discovery, and before a summary judgment motion is decided, he must file an affidavit pursuant to Fed. R. Civ. P. 56(f) which details the discovery needed, or file a motion for additional discovery. *Vance By and Through Hammons v. U.S.*, 90 F.3d 1145, 1149 (6th Cir. 1996) (footnotes omitted). "Beyond the procedural requirement of filing an affidavit, Rule 56(f) has been interpreted as requiring that a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000) (citation omitted). If the non-movant makes a proper and timely showing of a need for discovery, the district court's entry of summary judgment, without permitting him to conduct any discovery at all, will constitute an abuse of discretion. *Vance By and Through Hammons*, 90 F.3d at 1149.

**B.    Factual Analysis**

Harvard argues that it is entitled to summary judgment on its Complaint against Lineham based on the clear language of the Guaranty and is entitled to recover all amounts due Harvard under the New Invoices ($1,401813.06), interest ($37,965.20 through November 30, 2008 plus $292.04 per day) and attorneys' fees ($14,677.01 through November 30, 2008).  (Dkt. # 8)

Lineham does not challenge the applicability of the Guaranty to the amounts Soporex owes Harvard under the New Invoices.  Rather, Lineham argues that he requires additional discovery on his affirmative defenses to Harvard's claims.  Lineham also insists that Harvard's request for attorneys' fees is premature and lacks adequate support for the reasonableness of the charges.

Because Lineham's summary judgment response includes affidavits describing the discovery he requires, it is deemed a motion for additional discovery pursuant to Fed. R. Civ. P. 56(f).  Lineham's affirmative defenses relating to the formation of the Guaranty warrant additional discovery.  Lineham claims that Harvard induced him to enter into the Guaranty by assuring him that it had adequate supplies of the drugs Soporex needed and would ship those drugs as soon as Lineham executed the Guaranty. (Lineham Aff. ¶ 26)  Those assurances, Lineham asserts, were wrong.  Lineham correctly notes that fraud in the inducement is a defense to the formation of a contract.  *See Samuel D. Begola Servs. v. Wild Brothers*, 534 N.W.2d 217, 219-20 (Mich. Ct. App. 1995).  Even innocent misrepresentations and mistakes of fact may negate mutual assent and justify rescission of a contract.  *See United States Fidelity & Guaranty Co. v. Black*, 313 N.W.2d 77 (Mich. 1981); *Lenawee County Bd. of Health* v. *Messerly,* 331 N.W.2d 203 (Mich. 1982).  Accordingly, if Linehan can show that he relied upon material

misrepresentations by Harvard when executing the Guaranty, it will negate the mutual assent of the parties and invalidate the Guaranty. "Where mutual assent does not exist, a contract does not exist." *Quality Products and Concepts Co.* v. *Nagel Precision, Inc.* 469 Mich. 362,372; 666 N.W.2d 251 (Mich. 2003).

Thus, several of Lineham's affirmative defenses have the potential to preclude recovery by Harvard in this action. Yet Linehan has been unable to conduct discovery relating to Harvard's claim and alleged damages. Due to Mr. Linehan's automobile accident and Soporex's bankruptcy, Lineham has none of the underlying documents. Lineham therefore seeks the opportunity to obtain discovery from principals of Harvard as well as its counsel Robert Brown regarding whether at the time the Exclusive Purchase Agreement and Guaranty were executed Harvard had knowledge that it lacked sufficient supplies to fill Soporex's order for the drug Brovana. (Heiser Aff. ¶ 7) If so, representations made by Harvard relating to its ability to fill purchase orders could invalidate Linehan's assent and the formation of the Guaranty itself. Lineham also seeks discovery on whether Soporex made any payments for the drugs Harvard shipped, which might reduce Harvard's claimed damages.

Harvard contends that Lineham may not pursue a fraudulent inducement affirmative defense because the Guaranty waived any defenses to the formation of the Exclusive Purchase Agreement. Harvard points out that the Guaranty states that Defendant's obligations "shall be unconditional and absolute, regardless of the un-enforceability of any provisions in any agreement between Soporex and [Plaintiff] and the existence of any defense, set off or counterclaim which Soperex may assert." (Dkt. # 13, p.2)

Harvard, however, misapprehends Lineham's defenses. Lineham does not challenge the

6

formation of the Exclusive Purchase Agreement, but instead argues that the Guaranty itself was induced by Harvard's fraudulent misrepresentations to him. The fraudulent inducement defense would therefore not be impacted by a waiver of Soporex's defenses to the Exclusive Purchase Agreement.

Harvard also argues that Lineham may not assert a fraudulent inducement defense because Soporex failed to return drugs it ordered from Harvard under the Exclusive Purchase Agreement. Harvard notes that Michigan law only allows rescission for fraud where the defrauded party tenders back the goods received and asserts rescission upon discovery of the alleged fraud. *See D'ALessandro v. Hooning,* 365 Mich 66, 73 (1961) ("By proceeding under the contract after discovery of the actual situation and the falsity of the representations made, they waived their right to rescind."). Yet, Harvard does not establish that Lineham was in a position to unilaterally force Soporex to return the drugs when he learned that Harvard fraudulently induced him to execute the Guaranty in his individual capacity. Absent such a showing, the failure to return the drugs might preclude Soporex from asserting a fraud defense to the Exclusive Purchase Agreement, but would not impact Lineham's defenses to the Guaranty.

Harvard also contends that the affidavits Lineham supplied are too vague to satisfy Fed. R. Civ. P. 56(f). The affidavits attached to Lineham's summary judgment response identify specific materials he still needs to support his fraudulent inducement defense and potential challenges to Harvard's damages. As noted above, Lineham seeks information from principals of Harvard as well as its counsel, Robert Brown, regarding Harvard's knowledge that it lacked sufficient supplies to fill Soporex's order for Brovana. (Heiser Aff. ¶7) Lineham also seeks purchase and payment information to ascertain whether Soporex paid any of the New Invoices

7

upon which Harvard seeks to collect. These categories of information are both reasonable and sufficiently detailed to warrant the opportunity to conduct the requested discovery and forestall a decision on Harvard's motion.

## II.   CONCLUSION

For the reasons stated above, Lineham's motion for additional discovery pursuant to Fed. R. Civ. P. 56(f) is **GRANTED**. The parties shall meet and confer regarding the Defendant's outstanding discovery requests and submit a stipulated order concerning the responses to that discovery, and dates for Defendant to file a response to the pending summary judgment motion, and Plaintiff's time for filing a reply, or schedule a status conference to set such dates if the parties cannot agree.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this order. *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in

length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections. A party may file a reply brief within 5 days of service of a response. The reply shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.

                                                              s/Steven D. Pepe
                                                              United States Magistrate Judge

Dated: April 17, 2009

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 17, 2009.

                                                              s/V. Sims
                                                              Case Manager