UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARVARD DRUG GROUP, LLC,

        Plaintiff,                       CASE NUMBER: 08-13617
                                                      HONORABLE VICTORIA A. ROBERTS

v.

STEPHEN M. LINEHAN,

        Defendant.
                                            /

## ORDER ADOPTING MAGISTRATE JUDGE'S ORDER

**I.    INTRODUCTION**

On May 14, 2010, Magistrate Judge Hluchaniuk denied Defendant Stephen M. Linehan's motion to strike and granted his request to file a sur-reply brief. Defendant filed this timely objection. (Dkt. #69.) The Court **ADOPTS** the Magistrate Judge's Order.

**II.    BACKGROUND**

In June 2008, Soporex, Inc. entered into an exclusive agreement to purchase medications from Plaintiff Harvard Drug Group, LLC ("Harvard"). At the time, Defendant was chairman and chief executive officer of Soporex. As part of the deal, Defendant personally guaranteed payment of all purchases made by Soporex ("the Guaranty").

In August 2008, Harvard sued Defendant to recover over $1.4 million in unpaid invoices by Soporex. This Court referred pretrial matters to Magistrate Judge Hluchaniuk. When Harvard moved for summary judgment, the parties agreed to bifurcate the action to resolve the issue of liability first, and damages later, if necessary.

After this action began, Soporex filed for Chapter 7 bankruptcy in the United

States Bankruptcy Court for the Northern District of Texas. The bankruptcy court appointed a Trustee, who initiated an adversary action against Harvard to recover $854,000 in preferential payments allegedly received from Soporex ("the Preference Action").

On November 25, 2009, Magistrate Judge Hluchaniuk recommended that Defendant be found liable under the Guaranty. (Dkt. # 46.) This Court adopted the Magistrate Judge's Report and Recommendation, over Defendant's objections.

In February 2010, Harvard moved for summary judgment on the issue of damages. (Dkt. #55.) Harvard indicated that the parties to the Preference Action had entered into a Proposed Settlement Agreement, under which Harvard would repay $675,000 to the Trustee. (See Harvard argued that Defendant should be liable for a portion of this amount. (*Id.* at 8-9.) Harvard also noted that the Proposed Settlement would not become final until approved by the bankruptcy court.

In opposing summary judgment, Defendant pointed to language in the Proposed Settlement, by which Harvard released, *inter alia*, Soporex and its agents or officers from all claims, not limited to those related to the adversary proceeding. Defendant argued that, pursuant to this release clause, he was entirely free from liability to Harvard. At the time Defendant made this argument, the bankruptcy court had not approved the Proposed Settlement.

In its reply in support of summary judgment, Harvard stated that the release clause was not intended to extend to claims related to Defendant's Guaranty. Harvard added that, to eliminate any doubt on this issue, the parties to the Preference Action had revised their agreement. Harvard attached a copy of the Revised Settlement to its

2

reply brief. The Revised Settlement was submitted to the bankruptcy court on March 24, 2010, the day before Harvard filed its reply.

Defendant moved to strike the Revised Settlement, on grounds that Harvard improperly included "new evidence" in its reply brief. (Dkt. #59.) In the alternative, Defendant asked for leave to file a sur-reply, and to conduct limited discovery into the circumstances surrounding the preparation of the Revised Settlement.

On May 14, 2010, the Magistrate Judge granted leave to file a sur-reply, but denied the motion to strike. The Magistrate Judge also denied Defendant's request for additional discovery, stating:

> defendant did not articulate any identifiable material facts that might be disclosed if additional discovery was authorized. The significance of the issue here is the effect of the release language in the bankruptcy court settlement agreement, as drafted or as revised and accepted by the bankruptcy court. This is viewed as primarily a legal issue and no purpose would be served by opening discovery . . . .

(Dkt. #66 at 5.) Instead of permitting further discovery, the Magistrate Judge ordered Harvard to file an affidavit setting forth the sequence of events which led to dismissal of the Preference Action, including the revision of the settlement. (*Id.*)

On May 18, 2010, Harvard filed an affidavit by Steven T. Holmes, its attorney in the Preference Action before the bankruptcy court. (Dkt. #67 [hereinafter Holmes Aff.].) The affidavit sets forth the chronology of events which occurred between the drafting of the Proposed Settlement and the dismissal of the Preference Action. (*Id.* at 2, ¶ 6.) It also contains copies of the Proposed and Revised Settlements. (*Id.* at Ex. 4, at 17-19 [hereinafter Prop. S.]; Ex. 16 [hereinafter Rev. S.].) Mr. Holmes states: "At no time in the settlement discussions was it proposed that the release to be contained in the

3

Settlement Agreement would release [Defendant] from the claims asserted against him by Harvard, and at no time was that agreed." (*Id.* at 5, mislabeled ¶ 6.)

Defendant objects to the Magistrate Judge's Order of May 14, 2010.

## III. ANALYSIS

When reviewing a magistrate judge's order on a preliminary, non-dispositive matter, a district court must assess whether the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *United States v. Curtis*, 237 F.3d 598, 602-03 (6th Cir. 2001). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992). If two permissible views of the evidence exist, a magistrate judge's decision cannot be "clearly erroneous." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985).

Defendant argues the Magistrate Judge improperly denied his request for limited additional discovery. He contends that Mr. Holmes's affidavit presents only one side of the negotiations in the Preference Action, and does not clarify the parties' intent when they agreed on the Proposed Settlement. Defendant argues that the affidavit ignores other facts which could show that Harvard approved the release clause on which he relies. Defendant suggests that he should have the opportunity to depose or cross-examine Mr. Holmes, and possibly the Trustee or her attorney.

"The scope of discovery is . . . within the broad discretion of the trial court." *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998) (*citing Ghandi v. Police*

4

*Dep't of Detroit*, 747 F.2d 338, 354 (6th Cir. 1984), *appeal after remand*, 823 F.2d 959 (6th Cir. 1987), *cert. denied*, 484 U.S. 1042 (1988)). Under Fed. R. Civ. P. 26(b)(1), the trial court may, for good cause shown, order any discovery which "appears reasonably calculated to lead to the discovery of admissible evidence." *See Lewis*, 135 F.3d at 402 (*citing Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-52 (1978)).

Defendant's entire good-cause argument is predicated on a settlement agreement which was never formally approved. To enter into effect, the Proposed and Revised Settlements were both expressly contingent on the bankruptcy court's approval. (Prop. S., Rev. S., at ¶¶ 5, 13.) The Proposed Settlement was filed on February 23, 2010. (Holmes Aff. Ex. 4.) However, before the court approved the agreement and/or dismissed the case, the parties submitted their Revised Settlement, on March 24. (*Id.* at Ex. 14.) On March 30, the court held a hearing on the settlement; on April 9, the Preference Action was dismissed. (*Id.* at Ex. 15.) There is no question that the bankruptcy court approved the Revised Settlement, not its predecessor.

Before the Magistrate Judge, Defendant argued that filed settlement agreements do not have to be executed in order to be binding on parties. Although he failed to make this argument in his brief, the Court addresses it here.

The cases Defendant relies upon, *Pineo v. Turner (In re Turner)*, 274 B.R. 675 (Bankr. W.D. Pa. 2002), and *White v. C. B. Hannay Co. (In re Lyons Transp. Lines, Inc.)*, 163 B.R. 474, 476 (Bankr. W.D. Pa. 1994), tell only half of the story. In fact, the *Turner* court specifically notes that courts are divided on this issue. 274 B.R. at 679-80 (*quoting In re Frye*, 216 B.R. 166, 173 (Bankr. E.D. Va. 1997) (citing cases)). The Fifth Circuit, where Soporex filed for bankruptcy, has not decided this issue, nor has the Sixth

Circuit.

However, even if the Court assumes that the Proposed Settlement became binding when it was filed, Defendant's argument fails, because the Revised Settlement operates as a novation. The Proposed and Revised Settlements are construed under Texas law. (Prop. S., Rev. S., at ¶ 11.) In Texas, "[t]he enforceability of a settlement agreement is determined in the same manner as any other written contract." *Disney v. Gollan*, 233 S.W.3d 591, 595 (Tex. App. Dallas 2007) (*citing Anderton v. Schindler*, 154 S.W.3d 928, 932 (Tex. App. Dallas 2005)).

> Pursuant to Texas law, "[p]arties may modify a contract just as they originally make a contract." *Mid Plains Reeves, Inc. v. Farmland Indus., Inc.*, 768 S.W.2d 318, 321 (Tex. App. 1989) (citations omitted). "A novation occurs if a contract evidences an intention to relinquish and extinguish pre-existing claims and rights of action." *CTTI Priesmeyer, Inc. v. K&O Ltd. P'ship*, 164 S.W.3d 675, 681 (Tex. App. 2005). When parties execute a modification to a contract or an entirely new contract, "[t]he rules of contractual construction dictate that '[a] contract containing a term inconsistent with a term of an earlier contract between the same parties is interpreted as including an agreement to rescind the inconsistent term in the earlier contract.'" *Montgomery Elevator Co. v. Tarrant County*, 604 S.W.2d 363, 367 (Tex. Civ. App. 1980) (citation omitted). This presumption is conclusive. *Id.*
>
> The burden of proof for establishing a novation rests on the party asserting the substitution. *CTTI Priesmeyer*, 164 S.W.3d at 680-81 (citation omitted). Pursuant to Texas law, "[t]he essential elements of a novation are: (1) a previous, valid obligation; (2) a mutual agreement of the parties to the acceptance of a new contract; (3) the extinguishment of the old contract; and (4) the validity of the new contract." *Vickery v. Vickery*, 999 S.W.2d 342, 356 (Tex. 1999). The "[C]ourt may infer that a new agreement is a novation of an earlier agreement when the new agreement is so inconsistent with the earlier agreement that the two agreements cannot subsist together." *CTTI Priesmeyer*, 164 S.W.3d at 681 (citations omitted). Accordingly, "the new contract must extinguish or excuse the duty to perform the existing obligation." *Honeycutt v. Billingsley*, 992 S.W.2d 570, 577 (Tex. App. 1999) (citation omitted) *reh'g overruled*, (May 20, 1999). The parties must intend to release each other from the obligations under the prior contract and to assume new

6

> obligations under the new contract. *Id.*
>
> According to the Texas Supreme Court,
>> [i]n the absence of such inconsistent provisions of two contracts that both cannot stand, thereby working an implied novation, it is held that a second contract will operate as a novation of a first contract only when the parties to both contracts intend and agree that the obligations of the second shall be substituted for and operate as a discharge of the obligations of the first.
>
> *Chastain v. Cooper & Reed*, 152 Tex. 322, 257 S.W.2d 422, 424 (Tex. 1953) (citations omitted).
>
> The Texas Supreme Court determined "[i]t is not necessary . . . that a novation be in writing or that it be evidenced by express words; like any other ultimate fact it may be proved as an inference from the acts and conduct of the parties and other facts and circumstances." *Id.* (citations omitted). Under Texas law, "[a] new agreement can establish novation as a matter of law when the state of the evidence is such that reasonable minds cannot differ as to its effect." *CTTI Priesmeyer*, 164 S.W.3d at 681 (citation omitted). Whether a subsequent agreement is a novation of an earlier one is a question of intent. *Fulcrum Cent. v. AutoTester, Inc.*, 102 S.W.3d 274, 277 (Tex. App. 2003) (citation omitted). "The intent must be clear; novation is never presumed." *CTTI Priesmeyer*, 164 S.W.3d at 681 (citation omitted).

*Birk v. Hub Int'l Sw. Agency, Ltd.*, No. EP-08-CA-259-FM, 2009 U.S. Dist. LEXIS 50221, *36-39 (W.D. Tex. Apr. 1, 2009) (unpublished) (alterations in original).

The parties' Proposed and Revised Settlements are not "so inconsistent that they cannot subsist together." However, it is plainly evident, from communications and court filings, that the parties intended the Revised Settlement to replace and rescind the Proposed Settlement. On February 23, 2010, the Trustee filed a motion pursuant to Fed. R. Bankr. P. 9019, requesting that the bankruptcy court approve the parties' Proposed Settlement. (Holmes Aff. Ex. 4.) On March 16, Mr. Holmes e-mailed the Trustee's attorney, David Elmquist, stating: "An issue has come up that compels Harvard to request the insertion of some modified language to our settlement

7

agreement." (*Id.* at Ex. 8.)  On March 17, Mr. Holmes sent Mr. Elmquist a draft Revised Settlement to review; Mr. Elmquist wrote back: "The modifications relating to Linehan are fine." (*Id.* at Ex. 10.)  Mr. Holmes followed-up on March 18, writing: "Please confirm that this is acceptable and that we are in agreement on filing this with the Court as a supplement to the 9019 motion." (*Id.*)  Mr. Elmquist responded the same day: "Agreed, provided you draft the supplement; we'll file it." (*Id.*)  On March 24, Mr. Elmquist filed an Agreed Supplement to the Trustee's Motion to Approve Settlement of Adversary Proceeding, with a copy of the Revised Settlement.  (*Id.* at Ex. 14.)  The Agreed Supplement is signed by both parties.  It states:

> Subsequent to the Trustee's filing of her [Rule 9019] Motion, Harvard Drug and the Trustee agreed to certain revised terms within the Settlement Agreement.  The agreed revisions do not alter the settlement amount or the substantive terms of settlement between the Trustee and Harvard Drug, but are merely intended to clarify the scope of the release as agreed between the parties following mediation.

(*Id.* at 3, ¶ 2.)

Reasonable minds would doubt that the parties intended to rescind the Proposed Settlement and replace it with the Revised Settlement.  Therefore, as a matter of law, the Revised Settlement operates as an implied novation on the Proposed Settlement.

Defendant fails to show good cause to pursue further discovery.

## IV.  CONCLUSION

The Magistrate Judge correctly denied Defendant's request for additional discovery.  The Court **ADOPTS** the May 14, 2010 Order denying Defendant's motion to Strike and granting leave to file a sur-reply brief.  (Dkt. #66.)

                                                             s/Victoria A. Roberts  
                                                             Victoria A. Roberts  
                                                             United States District Judge

Dated: June 18, 2010

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 18, 2010.

s/Linda Vertriest  
Deputy Clerk

---