UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARVARD DRUG GROUP, LLC

        Plaintiff,               CASE NUMBER: 08-13617
                                            HONORABLE VICTORIA A. ROBERTS

v.

STEPHEN D. LINEHAN,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTIONS FOR RECONSIDERATION AND STAY

Before the Court is Defendant Stephen Linehan's Amended Motion to Alter or Amend Judgment and for Reconsideration (Doc. # 83), and Motion for Stay Pending Reconsideration and Potential Appeal (Doc. # 84)

On September 29, 2010 the Court granted Plaintiff's Motion for Summary Judgment on the issue of damages, adopting the Report and Recommendation ("R & R") of Magistrate Judge Michael Hluchaniuk. (Doc. # 79). The Court held Plaintiff was entitled to nearly all of its requested damages including: unpaid invoices ($1,401,813.06), interest to June 23, 2010 ($204,428.00), preference action damages ($319,275.00), attorney fees and costs associated with Linehan's guaranty ($226,941.53), attorney fees and costs associated with the preference action ($82,855.11) totaling $2,235,312.70, and additional interest and attorney fees accrued while the case remains open.

Defendant asks the Court to reconsider its ruling with respect to preference action damages and preference action attorney fees and costs ($319,275.00 +

1

$82,855.11).  He says summary judgment in Plaintiff's favor on these issues deprives him of his Seventh Amendment right to a jury trial and that disputed factual issues remain regarding the reasonable amount of damages and fees incurred as a result of the preference action.

This Court often treats "a motion which asks a court to vacate and reconsider, or even to reverse its prior holding" as a Fed. R. Civ. P. 59(e) motion to alter and amend judgment.  See *Smith v. Hudson*, 600 F.2d 60, 62 ( 6th Cir. 1979).  A court may grant reconsideration under Rule 59 "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp., Inc. v. Amer. Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations and quotation marks omitted).  The Court will only reconsider a prior ruling if the movant shows "a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled [and] that correcting the defect will result in a different disposition of the case."  E.D. Mich. LR 7.1 (h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F.Supp.2d 731, 734 (E.D. Mich. 2002) (*citing Marketing Displays*, *Inc. v. Traffix Devices*, *Inc.*, 971 F.Supp. 262, 278 (E.D. Mich. 1997)). If the moving party "merely present[s] the same issues ruled upon by the [C]ourt, either expressly or by reasonable implication," the Court will deny the motion for reconsideration.  E.D. Mich. LR 7.1 (h)(3).

To support his argument that the preference action damages and costs should have been submitted to a jury, Defendant cites a Tenth Circuit case, *J.R. Simplot v. Chevron Pipeline Co.*, 563 F.3d 1102 (10th Cir. 2009) and a case from the Northern

District of Ohio, *Timken Alcor Aerospace Techs., Inc. v. Alcor Engine Co.*, No. 06-2539, 2010 WL 2650026 (N.D. Ohio July 2, 2010) (unpublished).  Neither case is precedent.  Moreover, the *Timken* court acknowledged that the Sixth Circuit has not ruled on whether a party has the right to a jury trial on the reasonableness of attorney fees when a case "involves a free-standing breach of contract claim for attorneys' fees already incurred in a separate, underlying action against a third party."  2010 WL 2650026, at * 2 (quotation marks omitted).  Thus, there is no *clear* error of law or change in controlling law.

Likewise, as Plaintiff points out, at the hearing on Plaintiff's motion for summary judgment on preference action damages and attorney fees, defense counsel agreed with the Magistrate that it would be improper to submit the issues to a jury.  (*See* 6/23/10 Tr. 55-56).  Defense counsel specifically stated that the Court, under *Smith v. Khouri*, 481 Mich. 519, 751 N.W.2d 472 (2008), had to do the analysis.  (*Id.* at 56).  Thus, Defendant waived the argument that these claims should have been submitted to a jury.  *Cf. Preferred RX, Inc. v. Am. Prescription Plan, Inc.*, 46 F.3d 355 (6th Cir. 1995) (when a party fails to timely object to a trial court decision and it is not plainly apparent that the court was aware of the party's objection and the basis for it, the objection is waived on appeal).

Accordingly, Defendant does not present a basis for the Court to grant reconsideration.  Defendant's motion is **DENIED.**

Based on the foregoing, Defendant's Motion to Stay Pending Reconsideration and Potential Appeal is **MOOT**.

3

**IT IS ORDERED.**

      /s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: May 16, 2011

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 16, 2011.

s/Linda Vertriest
Deputy Clerk

---